UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONZELLE L. O'CONNOR,

    Petitioner,

v.

SHERRY L. BURT,

    Respondent.

_____/

Civil Action No. 10-CV-13596

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER SUMMARILY DISMISSING PETITION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR TO GRANT LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Donzelle L. O'Connor, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, petitioner challenges the Michigan Parole Board's decision to revoke his parole for the crime of breaking and entering a building with intent, Mich. Comp. Laws § 750.110. For the reasons stated below, the court shall dismiss the petition.

### I. Background

Petitioner was sentenced to two and one-half to ten years in prison for breaking and entering a building. He was released from prison on December 1, 2004, to serve a two-year parole term. Petitioner lived in Flint, Michigan, and was under the supervision of Parole Agent Martha Bamford. In April 2006, Bamford received an anonymous telephone message from a female caller, who indicated that petitioner was selling illegal drugs and was in possession of a gun in the basement of his home. After Bamford discussed the matter with her supervisor, petitioner was placed on a list for a visit by the "Nighthawk" team, a task force of law enforcement officers that handles suspected parole and probation violations. The Nighthawk team, however, did not make

a visit to petitioner's home, nor did Bamford follow up on the first call.

On April 26, 2006, Bamford received a second anonymous voicemail message, which she believed to be from the same female caller. The message again informed Bamford that petitioner was selling drugs and had a gun in the basement of his home. Following this second voicemail message, Bamford and her supervisor decided that the Nighthawk team would search petitioner's home on May 1, 2006, pursuant to Michigan Administrative Code Rule 791.7735.

On May 1, 2006, Bamford and several police officers conducted a warrantless search of petitioner's home, where they found a firearm, ammunition, and a collapsible baton. Petitioner was charged with violating the terms of his parole. Petitioner was also charged in federal court with being a felon in possession of a firearm.

On November 20, 2007, Judge Paul V. Gadola of the United States District Court for the Eastern District of Michigan granted petitioner's motion to suppress the evidence and dismissed the federal criminal charge against him, finding that the two anonymous telephone calls did not provide reasonable cause for law enforcement officials to believe that petitioner was selling drugs or that he was in possession of a firearm, so as to justify the warrantless search of his home. *See United States v. O'Connor*, No. 4:06-CV-20583; 2007 WL 4126357 (E.D. Mich. Nov. 20, 2007).

On February 15, 2008, a hearing was conducted by a hearing examiner for the Michigan Parole Board concerning petitioner's parole violation charges. The hearing examiner rejected petitioner's motion to suppress the evidence taken from petitioner's house. Although he was aware that Judge Gadola had suppressed the same evidence, the hearing examiner ruled "that the opinion of the District Judge concerned the admissibility of the evidence in a federal criminal case and was not specifically ruling on the admissibility of the evidence at this type of hearing." The

hearing examiner further noted that he did not have jurisdiction to rule whether obtaining this evidence violated any constitutional rule. *See* Parole Violation Formal Hearing Summary and Recommendation, p. 1.[1] The examiner found petitioner guilty of violating the terms of his parole by being in possession of the firearm, ammunition, and baton. *Id.* On February 28, 2008, the Michigan Parole Board revoked petitioner's parole and imposed a 60-month continuance.

Petitioner filed a petition for judicial review of the Parole Board's decison with the Ingham County Circuit Court, in which he challenged the legality of the search conducted by his parole officer. The Ingham County Circuit Court rejected petitioner's claim, finding that petitioner's parole officer had reasonable cause to search petitioner's house. *See O'Connor v. Mich. Parole Bd.,* No. 08-515-AP (Ingham County Cir. Ct., Oct. 6, 2008). While acknowledging that Judge Gadola had suppressed the evidence in petitioner's federal case, the judge noted that "[i]n the context of revoking parole, as opposed to the criminal charges ruled on by the Federal District Court, this Court finds that the two anonymous tips did indeed constitute reasonable cause to conduct a warrantless search." *Id.* at *6.

Petitioner appealed this decision to the Michigan appellate courts, in which he again challenged the legality of the warrantless search. Petitioner's appeals were denied. *See O'Connor v. Parole Bd.,* No. 291179 (Mich. App. June 20, 2009); *lv. den.* 485 Mich. 979; 774 N.W.2d 871 (2009).

In the instant petition, petitioner argues that the Michigan Parole Board relied on evidence that had been obtained in violation of the Fourth Amendment of the United States Constitution to revoke his parole. Petitioner claims that the parole hearing examiner, the Michigan

---

[1] The summary and recommendation is attached to the petition for writ of habeas corpus.

Parole Board, and the Michigan courts erred in failing to suppress this evidence as being the fruit of an unlawful search.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law. *See Perez v. Hemingway,* 157 F. Supp.2d 790, 796 (E.D. Mich. 2001). Federal courts may dismiss any habeas petition if it is legally insufficient on its face or if it is apparent from the exhibits attached thereto that no relief is available. *See McFarland v. Scott,* 512 U.S. 849, 856 (1994); *Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. A district court should screen out any habeas corpus petition which lacks merit on its face. *See Allen v. Perini,* 424 F.3d 134, 140-41 (6th Cir. 1970).

Having undertaken the review required by Rule 4, the court concludes that petitioner's habeas claim is meritless and subject to summary dismissal. The petition fails for two reasons. First, petitioner had several opportunities to challenge the legality of the search and seizure before the Michigan Parole Board, the Ingham County Circuit Court in his petition for judicial review, and in his subsequent appeals to the Michigan Court of Appeals and the Michigan Supeme Court. Federal habeas review of a petitioner's arrest or search is barred when, as here, the state has provided a full and fair opportunity to litigate an unlawful arrest or search claim. *See Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). The relevant inquiry is whether the habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp.2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010). Under *Stone*, the correctness of a state court's conclusions regarding a Fourth

Amendment claim "is simply irrelevant." *Brown v. Berghuis,* 638 F. Supp.2d 795, 812 (E.D. Mich. 2009). "The courts that have considered the matter 'have consistently held that an erroneous determination of a habeas petitioner's Fourth Amendment claim does not overcome the *Stone v. Powell* bar.'" *Id.* (citation omitted). Thus, an argument by a habeas petitioner that is "directed solely at the correctness of the state court decision[on a Fourth Amendment claim] 'goes not to the fullness and fairness of his opportunity to litigate the claim[s], but to the correctness of the state court resolution, an issue which *Stone v. Powell* makes irrelevant.'" *Brown,* 638 F. Supp.2d at 812-13 (citation omitted). Because petitioner had an opportunity to litigate the Fourth Amendment issue in the state courts, he is not entitled to habeas relief on that issue.

Second, the United States Supreme Court has held that the federal exclusionary rule does not bar the introduction at parole revocation hearings of evidence that was seized in violation of a parolee's Fourth Amendment rights. *See Penn. Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 364 (1998). In so ruling, the Court noted that because of its "substantial societal costs . . . we have repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." *Id.* at 363 (citations omitted). The Court declined to extend the exclusionary rule to parole revocation hearings because

> [a]pplication of the exclusionary rule would both hinder the functioning of state parole systems and alter the traditionally flexible, administrative nature of parole revocation proceedings. The rule would provide only minimal deterrence benefits in this context, because application of the rule in the criminal trial context already provides significant deterrence of unconstitutional searches. We therefore hold that the federal exclusionary rule does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights.

Id. at 364.

Because the Michigan Parole Board was not required to exclude any evidence that had been obtained in violation of the Fourth Amendment, petitioner is not entitled to habeas relief on this claim.

### III. Conclusion

For the reasons stated above, the court shall deny the petition in this matter for a writ of habeas corpus. The court shill also decline to issue a certificate of appealability to petitioner, as he has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). For the same reason, the court shall not permit petitioner to proceed on appeal in forma pauperis

### IV. Order

Accordingly,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is dismissed with prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that Petitioner may not proceed on appeal in forma pauperis.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
Dated: September 29, 2010  SENIOR UNITED STATES DISTRICT JUDGE